IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHANAKA ATERA ELLINGTON,     :
     Plaintiff,                  :
                                :

     v.                          :       CIVIL ACTION NO. 25-CV-6184
                                :

ANDREA DAVIS, *et al.*           :
     Defendants.             :

### MEMORANDUM

**WEILHEIMER, J.**                                     **JANUARY 29, 2026**

Shanaka Atera Ellington filed this *pro se* civil action against Defendants Andrea Davis and Unionville-Chadds Ford School District. Ellington also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Ellington leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction.

## I.    FACTUAL ALLEGATIONS[1]

Ellington's factual allegations are brief. She alleges that she was formerly employed as a teaching assistant at the Unionville High School in Kennett Square, Pennsylvania.[2] (Compl. at 1.) Defendant Davis worked with Ellington at the school. (*Id.*) Ellington claims that, on October 8, 2025, the employing agency sent her an email terminating her due to "classroom dynamics" and because she and Davis did not get along. (*Id.*; ECF No. 2-1 at 3.) Ellington states that Davis could not identify any specific unprofessional conduct or provide any example

---

[1] The factual allegations are taken from Ellington's Complaint ("Compl.") and attached Exhibits. (ECF Nos. 2, 2-1.) The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

[2] According to Exhibits attached to the Complaint, Amergis Educational Staffing employed Ellington and assigned her to Unionville High School. (ECF No. 2-1 at 3.)

of her misconduct.  (Compl. at 1.)  Ellington maintains that she had "[n]o incidents, write-ups, or prior complaints," and that she was a "dedicated employee with no disciplinary history."  (*Id.*) She claims that statements by Davis were "false, malicious, and made with reckless disregard for truth."  (*Id.*)  She alleges that she was terminated without any investigation or opportunity to respond, and she was barred from the entire school district.  (*Id.* at 1-2.)  After her termination, the Superintendent sent her a "Policy 104 form" requesting an investigation.  (*Id.* at 2.)

Ellington initiated this civil action in October 2025, alleging claims of defamation against Davis, "Negligent Investigation/Wrongful Termination" against the school district, and intentional infliction of emotional distress against both.  (*Id.*)  She seeks $250,000 in damages, including punitive damages, for lost wages, benefits, emotional distress, and reputational harm. (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Ellington leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)

("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

"Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them

*sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

As Ellington is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d

Cir. 2013)).

### III.  DISCUSSION

Ellington's Complaint raises no claims under federal law, but alleges only defamation,

negligence/wrongful termination, and intentional infliction of emotional distress claims under

Pennsylvania law.[3]  (Compl. at 2.)  District courts may exercise jurisdiction over cases raising

claims exclusively under state law if "the matter in controversy exceeds the sum or value of

---

[3] To state a claim for defamation in Pennsylvania, a plaintiff must plausibly allege: "(1) [t]he defamatory character of the communication[;] (2) [i]ts publication by the defendant[;] (3) [i]ts application to the plaintiff[;](4) [t]he understanding by the recipient of its defamatory meaning[;] (5) [t]he understanding by the recipient of it as intended to be applied to the plaintiff[;] (6) [s]pecial harm resulting to the plaintiff from its publication[;] (7) [a]buse of a conditionally privileged occasion." *Joseph v. Scranton Times L.P.*, 129 A.3d 404, 424 (2015) (quoting 42 Pa. Cons. Stat. § 8343(a)).  As for Ellington's claim for wrongful discharge, no such cause of action exists in Pennsylvania when an employee is terminated from at-will employment, with exceptions "in only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy." *Larochelle v. Wilmac Corp.*, 210 F. Supp. 3d 658, 712 (E.D. Pa. 2016) (quoting *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 918 (1989)), *clarified on denial of reconsideration,* No. 12-5567, 2016 WL 6135577 (E.D. Pa. Oct. 21, 2016), *aff'd*, 769 F. App'x 57 (3d Cir. 2019).  In order to state a claim for negligence, a plaintiff must plausibly allege "(1) a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another." *Rugamba v. CRST Inc.*, No. 20-2934, 2022 WL 313781, at *2 (3d Cir. Feb. 2, 2022) (quoting *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1366 (3d Cir. 1993)).  Pennsylvania's tort of intentional infliction of emotional distress requires that "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Dehart v. HomEq Servicing Corp.*, 679 F. App'x 184, 190 (3d Cir. 2017) (quoting *Bruffett v. Warner Commc'ns, Inc.*, 692 F.2d 910, 914 (3d Cir. 1982)).

$75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28

U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all

defendants,' even though only minimal diversity is constitutionally required.  This means that,

unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state

as any defendant.'"  *Lincoln,* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche,* 546 U.S. 81,

89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419 (3d Cir. 2010) (internal

footnotes omitted)).  An individual is a citizen of the state where she is domiciled, meaning the

state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC,*

652 F.3d 340, 344 (3d Cir. 2011).

Ellington has not met her burden of establishing the Court's jurisdiction over her claims,

because the Complaint does not allege complete diversity jurisdiction.  Ellington states that she

is a resident of Wilmington, Delaware.  (Compl. at 1.)  She sues the Unionville-Chadds Ford

School District, which she claims is located in Kennett Square, Pennsylvania.  (*Id.*)  As to Davis,

however, Ellington does not allege domicile, or even residence, but only identifies where Davis

is employed—Unionville High School.  (*Id.*)  A person's place of business may be one factor in

considering an individual's domicile for the purposes of diversity jurisdiction.  *McCann v.*

*Newman Irrevocable Tr.,* 458 F.3d 281, 286 (3d Cir. 2006) (including "declarations, exercise of

political rights, payment of personal taxes, house of residence, and place of business" among

diversity considerations (quoting *Krasnov v. Dinan,* 465 F.2d 1298, 1301 (3d Cir. 1974)).

However, the mere assertion that Davis's place of employment is located in Pennsylvania is an

insufficient basis for pleading domicile for the purposes of diversity jurisdiction, because she

could, like Ellington, live in Delaware and work in Pennsylvania.  *See Washington,* 652 F.3d at

344 ("[T]he domicile of an individual is his true, fixed and permanent home and place of

habitation. It is the place to which, whenever he is absent, he has the intention of returning.");

*Vilayphunh v. Saunders*, No. 25-4478, 2025 WL 2404249, at *3 (E.D. Pa. Aug. 19, 2025)

(holding that alleging business address or current place of business is not sufficient to allege a

defendant's citizenship). Since the jurisdictional requirement of complete diversity is not

satisfied, this Court lacks the ability to hear Ellington's case.

Accordingly, the Court will dismiss this case for lack of jurisdiction, without prejudice to

Ellington submitting an amended complaint if she is capable of curing the defects the Court has

identified. The dismissal is also without prejudice to Ellington instead refiling her claims in state

court, where federal jurisdiction will not be an issue.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Ellington leave to proceed *in forma*

*pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction.

An appropriate Order will be entered separately which provides further instructions

should Ellington wish to amend her Complaint.

BY THE COURT:

_____

GAIL A. WEILHEIMER, J.

5