## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHANAKA ATERA ELLINGTON,    :
    Plaintiff,    :
    :
    v.    :    **CIVIL ACTION NO. 25-CV-6184**
    :
ANDREA DAVIS, *et al.*,    :
    Defendants.    :

**ORDER**

AND NOW, this ____ day of May, 2026, upon consideration of Plaintiff Shanaka Atera Ellington's Amended Complaint (Dkt. 9) the following is hereby **ORDERED**:

1.    The Complaint is **DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part** for the reasons in the Court's Memorandum as follows:

    a.    The claims alleged against Andrea Davis are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    b.    The claims alleged against the Unionville-Chadds Ford School District are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.    Ellington may file a second amended complaint within thirty (30) days of the date of this Order if she can cure the defects with her *Monell* claims alleged against the Unionville-Chadds Ford School District. Any second amended complaint must identify all defendants in the caption in the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Ellington's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial

Complaint, the Amended Complaint, or other papers filed in this case to state a claim. When drafting her second amended complaint, Ellington should be mindful of the Court's reasons for dismissing the claims in her initial Complaint and the Amended Complaint, as explained in the Court's Memoranda. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3.      The Clerk of Court is **DIRECTED** to send Ellington a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Ellington may use this form to file her second amended complaint if she chooses to do so.

4.      If Ellington does not wish to amend her Amended Complaint and instead intends to stand on her Amended Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

2

5.      If Ellington fails to file any response to this Order, the Court will conclude that Ellington intends to stand on her Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing her to take action to cure a defective complaint).

**BY THE COURT:**

GAIL A. WEILHEIMER, J.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).